UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                         )<br>   Plaintiff,                                  )<br>                                                         )<br>       vs.                                         )     CAUSE NO.  1:13-cr-150-WTL-TAB<br>                                                         )<br>GUOQING CAO and                     )                                        -01<br>SHUYU LI,                                      )                                        -02<br>                                                         )<br>   Defendants.                              )| |

## ORDER ON DISCOVERY

This cause is before the Court on the Defendants' request for certain discovery (dkt. no. 164-1).  The Government has responded to the Defendants' request (dkt. no. 165), and a hearing on the request was held on May 19, 2014.  At the hearing, the Court ruled from the bench on each of the contested issues.  The Court now provides the following explanation for its ruling.

### I.     Bill of Particulars

Prior to the Second Superseding Indictment ("SSI") in this cause, the Government provided the Defendants with a Bill of Particulars chart, outlining what the allegedly-disclosed trade secrets were.  Now that the charges have changed, and the Defendants are no longer facing theft of trade secret charges, they request a new Bill of Particulars:  "With regard to each reference to 'Lilly Property' in the SSI, set forth the particular datum, data, scientific or other information which is alleged to constitute property of Eli Lilly within the wire fraud statute[.]"  Dkt. No. 164-1 at 15.  Essentially what the Defendants argue is that some of the "Lilly Property" they allegedly misappropriated contains material that, in their opinion, cannot form the basis of the charges against them.  Therefore, they argue that the Government should specifically

delineate by means of a Bill of Particulars what is, and by default, is not, Lilly Property. Two examples may offer more clarification.

In the SSI, the Government alleges that Cao sent his resume to a Lilly competitor via email; it is alleged that this resume contained Lilly Property that was sent without Lilly's permission or authorization. The Defendants argue that the Government cannot "claim that the information about Defendant Cao attending and receiving his Ph.D. from The Ohio State University is somehow 'Lilly Property.'" *Id*. at 7. Similarly, in the SSI, Li is alleged to have sent an email to Cao with a PowerPoint presentation attached; it is alleged that this PowerPoint presentation divulged Lilly Property without Lilly's permission or authorization. Once again, the Defendants argue that this attachment cannot be Lilly Property because the presentation is "a compendium of public-record information from which nothing uniquely Lilly-like can be discerned." *Id*. at 8.

It seems to the Court, therefore, that despite the Defendants claimed confusion, they do know what the Government alleges is Lilly Property, but simply disagree with the Government's allegation. This, however, does not entitle the Defendants to a Bill of Particulars. Certainly in pretrial motions and at trial, the Defendants are free to argue the merits of this case, including whether or not the information allegedly disclosed, divulged, or misappropriated was in fact confidential material that belonged to Lilly and was therefore not allowed to be communicated to outsiders. But, as the Government notes "the attachments themselves . . . are the Lilly Property in issue and actual copies of the attachments are in the defendants' possession[.]" Dkt. No. 165 at 10. Accordingly, the Court **DENIES** the Defendants' request for a Bill of Particulars. *See United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981) ("The test for whether a bill of particulars is necessary is whether the indictment sets forth the elements of the offense charged

and sufficiently apprises the defendant of the charges to enable him to prepare for trial.") (internal quotation marks omitted).

## II. Rule 16(a)(1)(E) Disclosures

Federal Rule of Criminal Procedure 16(a)(1)(E) requires the Government to allow a Defendant "to inspect and to copy" documents and other items if: "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." To this end, the Defendants make several requests for documents pursuant to Rule 16(a)(1)(E).

### A. Emails dating back to 2006

The Government has agreed to produce emails—those sent and received—from 2009 to the present. The Defendants, however, desire all emails dating back to the year 2006, arguing the following: "The customary exchanges of scientific data which occurred between Lilly employees and scientists outside the company, including those from other pharma companies, must be explored to present the jury with a full picture of the defendants' state of mind prior to, and informing their intent, in the charged period." Dkt. No. 164-1 at 19. The Government disagrees, likening this request to "a fishing expedition." Dkt. No. 165 at 19.

It appears to the Court that the Defendants are not currently aware of any such emails, but just surmise that they might exist. Therefore, theoretically, the evidence they seek could be in the emails to be disclosed. As such, at this time, the Court will not order the Government to produce emails dating back to 2006; however, if in examining the emails that are produced, the Defendants do find evidence of such exchanges that they believe are relevant, and have a more grounded belief that other relevant pre-2009 emails do in fact exist, the Defendants should renew their request.

### B.  Documents relating to paragraph 61 of the SSI

Paragraph 61 of the SSI states the following:

> On or about January 11, 2012, defendant Guoqing Cao resigned from employment at Lilly and he was reminded of his ongoing obligation of confidentiality to Lilly.  Despite this reminder, defendant Guoqing Cao misrepresented that he had returned all Lilly Property and continued to conceal his previous communications with Individual #1 regarding Lilly Property and his work on behalf of Company A during his exit interview.

The Defendants requested any documentary evidence related to this "exit interview."  The Government recently provided the Defendants with an "exit interview checklist," but the Defendants argue that "[n]othing on the face of this checklist would support the broad allegations of Paragraph 61."  Dkt. No. 164-1 at 21.  From the Government's brief, the Court gleans that it may be offering evidence of the allegations contained in paragraph 61 by way of oral testimony at trial, and is not in possession of any other documentary evidence related to this exit interview.  Of course, the Government's duty to disclose is ongoing; if the Government later discovers evidence that the Defendants previously requested and/or is material to the Defendants, the Government has a duty to disclose that information. *See* Fed. R. Crim. P. 16.  At this time, however, the Court sees no further action that needs to be taken with regard to this request.

### C.  Training documents

The Government has given the Defendants several versions of the Lilly "Red Book" which contain, among other things, various internal policies.  In addition to this, the Defendants request the following documents related to training:  "the particular content of the 'recurrent training' alleged to have occurred (SSI, ¶ 4); the 'training modules' alleged to have been taken yearly (SSI, ¶ 8); and the specific training as to external communications policies (SSI ¶ 9)."  Dkt. No. 164-1 at 21.  The Government does not seem to respond to this request.  The Court thus

**ORDERS** the Government to produce the requested materials. If the Government is not in possession of them, or feels they have already been disclosed, it shall so notify the Defendants.

### D.  Documents relating to alleged "concealment"

This request is with regard to the numerous allegations of "concealment" found in the SSI. *See, e.g.*, dkt. no. 120 at ¶¶ 10, 30, and 37. The Defendants request documentary evidence related to the acts of concealment to the extent they are reflected in documents. The Government does not directly respond to this request; accordingly, the Court **ORDERS** the Government to produce the requested materials if they exist.

The Defendants next argue that if the acts of concealment are "found outside the four corners of the SSI, then those acts fall under Fed. R. Evid. 404(b) and we are entitled to appropriate pretrial notice of the intention to introduce such evidence." Dkt. No. 164-1 at 22. Rule 404 generally prohibits evidence of a prior bad act from being introduced to show that a person has the propensity to act in that way. *See United States v. Ciesiolka*, 614 F.3d 347, 355 (7th Cir. 2010) ("It is black-letter law that the government cannot introduce evidence of a defendant's prior bad acts to show [his] propensity to commit the charged crime."). "Such evidence may be admitted, however, for non-propensity purposes, such as 'proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake.'" *Id*. (quoting Fed. R. Evid. 404(b)). In reading the Government's response, it appears that the Government is not planning on introducing any acts of concealment that are not charged in the SSI; accordingly, Rule 404(b) is not implicated. However, to the extent that the Government does plan on offering other acts of concealment that are not found in the SSI, the Court agrees that the Defendants would be entitled to pre-trial notice of such. But, at this time, that does not appear to be the case.

### III.　*Brady* Material

"In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court held that the right to due process and a fair trial requires that the prosecutor turn over to the defense all potentially exculpatory evidence." *Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007). To that end, the Defendants request the following information.

#### A.  Communications between Lilly and the Government

First, the Defendants seek "any and all communications from any Lilly representatives to any Government representatives, together with all attachments and related materials, relating in any way to this case[.]" Dkt. No. 164-1 at 24. The Defendants seek this information because they "intend[] to impugn the credibility and value of . . . Lilly-sourced evidence, including the Lilly employees relied upon by the Government." *Id*. The Court does not agree that this is *Brady* information. The Defendants suspect that because the SSI changed the nature of the charges, that the Lilly representatives must have been "errant in their judgment," dkt. no. 164-1 at 25, and therefore their credibility and/or bias can be challenged with this evidence. As discussed more fully below, the Court does not agree with the Defendants that the reason why the charges changed is *Brady* material. The Defendants will have the opportunity to test the Lilly representatives' credibility at trial, but they are not entitled to the breadth of information they seek pursuant to *Brady*.

#### B.  Information provided to the grand jury regarding the abandonment of trade secret charges

Next, the Defendants seek "[a]ny explanation concerning the credibility of evidence previously adduced before that or a former grand jury; the weaknesses in such evidence; [and] flaws in earlier instructions on the law," dkt. no. 164-1 at 26, arguing that this information is "patently *Brady*." *Id*. The Court does not agree.

The Defendants are now charged with wire fraud, aiding and abetting, and conspiracy to commit wire fraud; as the Defendants aptly note throughout their brief, no longer are they facing trade secret charges. Even if the SSI was due to a "flawed assessment," "weaknesses in such evidence," or "errant judgment" in charging the Defendants with trade secret theft, those reasons, in the Court's view, are not *Brady* information. Whether the alleged Lilly Property is or is not a trade secret is not exculpatory evidence in light of the new charges. In other words, even if there was evidence suggesting that the "Lilly Property" now charged does not meet the statutory definition of "trade secret," the Court does not believe that would tend to exculpate the Defendants with regard to their wire fraud charge because the Government does not have to prove anything regarding a trade secret under the wire fraud statute. Pursuant to *Brady*, the Court does not agree that this information needs to be disclosed.

### IV.   Protective Order[1]

Next, the Defendants seek to amend the current protective order in place (dkt. no. 111). The protective order prohibits the Defendants from engaging an expert who: 1) works in any of the three designated therapeutic areas the Government provided on its former bill of particulars chart; and 2) who has connections to seven competitors identified by Lilly. As the Defendants note, this protective order was put into place when they were accused of trade secret theft; now that those charges have been abandoned, they argue there should be no restriction on their ability to seek experts for their defense. Predictably, the Government argues otherwise, noting that while the Defendants are no longer being charged with trade secret theft, the materials disclosed in discovery still contain confidential and trade secret material. Accordingly, it desires the

---

[1] Both Defendants and the Government agreed to one change to the current protective order. The Defendants are now allowed to use "Relativity," a web-based software to access, analyze, and share discoverable materials, given that Defendant Cao has retained out-of-state counsel.

protective order to remain as is.  The Court agrees with the Government that while the trade secret charges have been abandoned, the confidential nature of the Lilly discovery material has not changed.  Accordingly, at this time, the Court will not alter the protective order in this regard.

### V.     Defendants' Request to Subpoena Lilly

Finally, the Defendants seek this Court's permission to serve a subpoena upon Lilly for various discovery items.  Rule 17(c) provides the following:  "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates.  The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence."  The Court approves this request.

SO ORDERED: 05/20/2014

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification