UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:13-cr-00150-WTL-TAB |
| | ) | |
| GUOQING CAO, | ) | -01 |
| SHUYU LI | ) | -02 |
| Defendants. | ) | |

**GOVERNMENT'S BRIEF IN SUPPORT OF MOTION TO QUASH DEFENDANT'S MAY 19, 2014 SUBPOENA *DUCES TECUM***

COMES NOW the United States of America, by counsel, Joseph H. Hogsett, United States Attorney for the Southern District of Indiana, and Cynthia J. Ridgeway, Assistant United States Attorney, and hereby files its brief in support of Eli Lilly & Company's Motion to Quash Defendants' Subpoena *Duces Tecum,* filed on July 7, 2014.[1]

**I.    INTRODUCTION**

Defendants Guoqing Cao and Shuyu Li stand charged with wire fraud, aiding and abetting, and conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349 and 2. The charges stem from the defendants' unauthorized electronic transmission of intellectual property belonging to the victim company, Eli Lilly & Company ("Lilly"), for the benefit of the defendants, Individual #1, and Company A, located in the People's Republic of China. On May 19, 2014, the defendants served Lilly with a Rule 17(c) subpoena and attending 26-page attachment commanding the production of material and information far in excess of what Rule 17(c) contemplates. The documents and other information requested are divided into nine broad

---

[1] Lilly's Motion to Quash was filed on July 7, 2014 under misc. no. 1:14-mc-00071, Dkt. 3, after attempts by the Company to resolve issues regarding the subpoena.  *See* Motion to Quash, p. 3.

categories:  A) Interaction between the government and Lilly relating to the criminal investigation and prosecution; B) Lilly records specific to the defendants and their colleagues; C) Lilly records regarding information technology; D) Records describing certain Lilly internal practices; E) Lilly trade secret and proprietary/confidential information; F) Lilly's suffered loss/harm; G) E-mail exchanges between Lianshan Zhang and other Lilly employees; H) Lilly's China-related activities; and I) Employment discrimination allegation information.  These nine broad categories are sub-divided into 192 specific requests with many subparts each devoid of a showing that the material is: (1) relevant; (2) admissible; and (3) specific.  *United States v. Nixon,* 418 U.S. 683, 698-700 (1974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951).  For that reason, the government files the instant brief in support of Lilly's motion to quash the subpoena and moves the Court to enjoin the defendants from abusing the Rule 17(c) subpoena power authorized by this Court.

## II. ARGUMENT

### A. Applicable Law

The defendants' subpoena, issued pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, far exceeds the permissible scope of a Rule 17(c) subpoena.  Rule 17(c) permits the issuance of subpoenas only for the narrow purpose of providing parties the opportunity to inspect potential evidence before trial, not as a means of discovery for criminal cases.  *Nixon*, 418 U.S. at 698-99.  Inapposite with this instruction, the defendants' subpoena demands the production of hundreds of thousands of pages of information without identifying specific records, describing the contents of the records sought, or providing any indicia of the relevance or admissibility of the information.  The subpoena relentlessly overreaches the limits imposed by Rule 17(c) and should be quashed.

Rule 17(c) of the Federal Rules of Criminal Procedure provides that a subpoena "may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1).  However, the rule also suggests a mechanism for quashing unreasonable or oppressive demands, disallowing it to be used as a discovery device to pour through records or data in the hope of finding some admissible evidence that may be of use at trial. *United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002).  "Instead it allows only for the gathering of <u>specifically identified</u> documents which a defendant knows to contain relevant evidence to an admissible issue at trial." *Id*.  See also *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992) ("Federal Rule of Criminal Procedure 17(c) restricts subpoenas to specified, evidentiary items that are relevant and admissible.").

To prevent the use of Rule 17(c) as an open-ended discovery tool, the Supreme Court requires that the party seeking the subpoena carry the burden of showing: (1) that the requested documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may unreasonably delay the trial; and (4) that the application is made in good faith and not intended as a general "fishing expedition" for possible evidence.  *Nixon*, 418 U.S. at 699-700.  More succinctly, the moving party must "clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *Id*. at 700.

Consistent with this narrow interpretation of Rule 17(c), the courts have held that Rule 17(c) subpoenas:  may not compel production of materials sought solely for purposes of impeachment (*United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981)); require that the defendant know in advance what the subpoenaed evidence consists of and what it will show

3

(*United States v. Arditti*, 955 F.2d 331, 346 (5th Cir. 1992)); and require more than a defendant's "mere hope" that the requested documents will produce favorable exculpatory evidence. (*United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996)).

In the instant case, the defendants' Rule 17(c) subpoena should be quashed for three reasons: First, there is no showing that the material sought is relevant. Second, there is no showing that even if deemed relevant, the material sought is admissible. Third, the material sought is not described with specificity; rather the subpoena is an improper attempt to trawl for exculpatory or impeachment evidence and is unduly oppressive and unreasonable. *See also* 18 U.S.C. § 3771(a)(1), (a)(8)(A crime victim has the right to be reasonably protected from the accused; the right to be treated with fairness and with respect for the victim's dignity and privacy).

### B. The defendants fail to clear the *Nixon* hurdle insofar as they have failed to make a showing that the information sought is relevant to the criminal case.

Rule 401 of the Federal Rules of Evidence provides that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. To demonstrate relevance, the party proffering the evidence must show a "logical connection" between the evidence and a material fact at issue in the case. *United States v. Allen*, 524 F.3d 814, 825 (7th Cir. 2008). The specificity and relevance hurdles of the *Nixon* test "require more than the title of a document and conjecture as to its contents." *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992).

The Seventh Circuit has recognized the need for some articulable and logical connection between the facts of the case and the records sought by a Rule 17(c) subpoena. *United States v. Tokash*, 282 F.3d 962 (7th Cir. 2002). In *Tokash*, criminal defendants charged with possessing

weapons in a federal penitentiary attempted to use a Rule 17(c) subpoena to gain access to prison records documenting racial tension and violence within the penitentiary. *Id*. at 966-67. Affirming the district court's ruling to quash the subpoena, the Seventh Circuit pointed out that the defendants failed to make any threshold showing to support a necessity defense. *Id*. at 971. Consequently, the Court determined that the defendants failed to meet the *Nixon* relevance standard, and the subpoena was tantamount to a "fishing expedition through the records of the Bureau of Prisons." *Id*. Reiterating the *Nixon* holding, the court emphasized, "[Rule 17(c)] allows only for the gathering of *specifically identified* documents which a defendant *knows* to contain relevant evidence to an admissible issue at trial." *Id*. (emphasis added).

Like the *Tokash* defendants, defendants Cao and Li have failed to clear the *Nixon* relevancy hurdle. Here, not only have the defendants failed to produce "more than a title of a document and conjecture as to its contents," but in many instances, they failed to produce even the title of a document identifying its existence. For example, request ¶ D.1 seeks:

> Any records identifying the activities, goal(s) scope, and/or purpose(s) between January 1, 2006 and May 31, 2013 of a project or employee group called "Team Lilly," including records showing date(s) of initiation of the project or group. (Attachment A, p. 11).

With minor exception, none of the hundreds of thousands of documents requested are referred to by title or specific description. Rather, the language in Attachment A refers to "any documents" or "any records" related to a broad subcategory of material or information.

As was the case in *Tokash*, these defendants are unable to identify any specific documents, articulate the contents of those documents, or demonstrate how those documents logically relate to facts at issue in this case. Defendants Cao and Li have failed to produce or describe a logical connection between the information sought and proof of the elements of the crimes to which they are charged. Given the absence of identification of specific records,

information about the contents of those records, and a logical connection between the contents and a material fact at issue in this case, the defendants' Rule 17(c) subpoena is an improper, expansive, and unauthorized discovery effort under the guise of a tool that the Supreme Court and the Seventh Circuit have both clearly stated is not a discovery device. It is a quintessential example of the very sort of "fishing expedition" courts across the country have strenuously sought to avoid.

### C. The defendants fail to clear the *Nixon* admissibility hurdle insofar as they have failed to make a showing that the information sought is admissible at trial

Not only must the information sought by a Rule 17(c) subpoena be relevant to the case; it must also be admissible at trial. *Nixon*, 418 U.S. at 700. Even after a showing of relevance, the defendants must demonstrate that the material is admissible over cogent objections including undue prejudice, unnecessary delay, and hearsay, among other things. Fed. R. of Evid. 403, 802. To this point, courts have ruled that for purposes of Rule 17(c), materials sought for impeachment purposes do not clear the *Nixon* hurdles. *United States v. Hughes*, 895 F.2d 1135, 1145-46 (6th Cir. 1990).

The defendants elected to use the Court's authority to issue an oppressive and unreasonable Rule 17(c) subpoena and as such, they bear the burden to demonstrate admissibility. *Nixon*, 418 U.S. at 700. The defendants have failed. Despite the absence of this prima facie showing, the government points the court to a classic example where the need for a showing of relevance, admissibility, and specificity precludes production. Request ¶ I.1. commands production of "any records reflecting complaints or communications made between January 1, 2006 and the present made in writing or orally to Eli Lilly personnel by Asian or Asian-American employees of Eli Lilly relating to alleged discrimination or disparate treatment

or promotion."[2] The Rule 17(c) subpoena is replete with similar irrational requests devoid of factual connection to the investigation that demonstrate the defendants' penchant for overreaching. These oppressive and countless requests found in the defendants' subpoena underlie the need to enjoin abuse of Rule 17(c) authority.

Considering the lack of a showing of relevancy and the additional admissibility issues that attend even relevant evidence, the subpoena fails to meet the second prong of *Nixon*.

### D. The defendants fail to clear the *Nixon* specificity hurdle insofar as the subpoena requests hundreds of thousands of pages of material without identifying specific documents or addressing the relevant contents therein

In addition to showing the relevancy and admissibility of the information sought, parties seeking information under a Rule 17(c) subpoena must clear the *Nixon* specificity hurdle. *Nixon*, 418 U.S. at 700. For purposes of Rule 17(c), specificity requires more than merely the title of a document and conjecture as to its contents. *United States v. Hardy*, 224 F.3d 752, 755 (8th Cir. 2000); *Arditti*, 955 F.2d at 346. In *Hardy*, the Eighth Circuit affirmed a district court decision quashing a defendant's 17(c) subpoena seeking the production of the contents of internal police radio communications between 4:00 p.m. and 6:30 p.m. on the day of the defendant's arrest for the possession of crack cocaine with the intent to distribute. *Id*. at 756. The *Hardy* court relied primarily on the subpoena's lack of specificity, noting a failure to "establish with sufficient

---

[2] *See Manuel v. City of Chicago*, 335 F.3d 592, 596-97 (7th Cir. 2003) (evidence that a supervisor discriminated against some employees on the basis of race was inadmissible in employee's discrimination suit because employee offered no evidence to suggest race played a role in actions against her, thus failing to show sufficient probative value to outweigh the prejudice).

specificity the evidentiary nature of the requested materials" and failure to "set forth what the subpoenaed materials contain." *Id*. at 755-56.

In *Arditti*, the Fifth Circuit affirmed the district court's decision to quash a 17(c) subpoena seeking IRS documents outlining the "nature, goal, and targets" of an IRS operation that eventually led to the defendant's arrest for money laundering. *Arditti*, 955 F.2d at 345. The court focused on the defendant's failure to meet the specificity requirement, as the defendant demonstrated why he wanted to look at the materials but did not provide any description of the content of the materials. *Id*. at 346. *See also United States v. Morris*, 287 F.3d 985 (10th Cir. 2002) (quashing, for lack of specificity, a defendant's subpoena for "all records" surrounding an FBI investigation into an undercover agent's shooting of defendant, who was convicted of assaulting the agent).

The defendants' Rule 17(c) subpoena fails to clear the *Nixon* specificity hurdle. The subpoena is silent regarding the contents of any of the hundreds of thousands of materials requested. Moreover, the quashed Rule 17(c) subpoenas in *Hardy* and *Arditti* were more specific than the subpoena in this case. The *Hardy* defendant requested information from a specific 150 minute timeframe. The *Arditti* defendant requested materials specific to a particular IRS operation. Defendants Cao and Li, by contrast, seek information from several broad categories, encompassing a time frame beginning January 1, 2001 and ending May 31, 2013 (s*ee e.g.* Attachment A, p. 13, Request D.18). Like the subpoenas quashed in *Hardy* and *Arditti*, the defendants' subpoena contains no description of the contents of subpoenaed materials. As the *Hardy* and *Arditti* courts made clear, the ability to describe the contents of the documents sought is vital to surviving a *Nixon* analysis. The defendants' failure to provide information about the contents of the records sought demonstrates their posture and disallows production.

### III. CONCLUSION

In order to survive a motion to quash, a Rule 17(c) subpoena must clear all three of the *Nixon* hurdles: relevancy, admissibility, and specificity. The defendants' subpoena fails to address even one of the clearly articulated legal requirements. Given the abject failure to meet any of the *Nixon* requirements, defendant Cao's and Li's attempt to thwart lawful criminal discovery tools[3] and their inappropriate and oppressive "fishing expedition" explicitly condemned by the Supreme Court and the Seventh Circuit as inappropriate under Rule 17(c), should be quashed. Furthermore, the defendants should be enjoined from abusing the Rule 17(c) authority sanctioned by this Court. For the foregoing reasons as well as those articulated by Eli Lilly & Company, the government requests just relief.

Respectfully submitted,

JOSEPH H. HOGSETT
United States Attorney

By: /s/ *Cynthia J. Ridgeway*
Cynthia J. Ridgeway
Assistant United States Attorney
Office of the United States Attorney
10 W. Market Street, Suite 2100
Indianapolis, IN 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-6125
Email: Cynthia.Ridgeway@usdoj.gov

---

[3] The defendants also seek information specifically deemed unavailable by this Court. *See* Attachment A, pp. 1-2, Request A (Interaction between the government and Eli Lilly relating to allegations).

9

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the defendants on the date of filing, by and through operation of the Court's e-filing system.  The parties may access the filing by operation of the Court's electronic filing system.

*/s/ Cynthia J. Ridgeway*
Cynthia J. Ridgeway
Assistant United States Attorney

Office of the United States Attorney
Ten West Market Street, Suite 2100
Indianapolis, IN 46204
(317) 226-6333
cynthia.ridgeway@usdoj.gov