**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No: 1:13-cr-00150 WTL-TAB |
| v. ) | |
| ) | |
| GUOQING CAO, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO COMPEL AND TO IMPOSE SANCTIONS

It is with some measure of disbelief that the defendants find themselves obliged to move so soon after filing, as directed, a Joint Motion to Continue Trial, Doc. #182 on October 14, 2014. After the Government seemingly committed, prior to and at the October 9th conference, to producing this month a large body of Rule 16 and to Lilly producing a like body of Rule 17 material, a commitment upon which the Court relied in anticipating an early date for a further conference, the Government has appeared now to have backed away from, if not entirely abandoned, its commitment, jeopardizing whatever progress was made at last week's conference.

Defendants Guoqing Cao and Shuyu Li, by counsel, respectfully request the Court to: (i) compel the Government to produce no later than November 3, 2014 a body of materials due under Fed. R. Crim. P. 16(a)(1)(e) and agreed by the Government in an email communication dated October 9, 2014, including emails ordered by this Court on May 20, 2014 to be produced; (ii) compel Eli Lilly and Company to produce no later than November 3, 2014 a body of materials due under Fed. R. Crim. P. 17(c), including privilege logs as to all withheld or redacted materials; and (iii) impose on the

Government the fees in incurred in filing this motion, which would have been unnecessary but for the unwillingness of the Government and Lilly to comply with prior orders.  In support of this motion, Defendants state:

1.  The background to this Motion is set forth in defendants' Joint Motion to Continue Trial, Doc. #182, Oct. 14, 2014.  What is germane here is that the Court ordered the Government on May 20, 2014 to produce discovery, including the Lilly emails of each defendant going back to January 2009.  *See Order on Discovery*, Doc. #167, May 20, 2014.  Five months later, virtually no defendant Li emails have been produced and the defendant Cao email production appears woefully incomplete.  Further, the Court has thus far entered two Orders directing Lilly to produce materials pursuant to a Subpoena served in May 2014, including an *Entry on Petitioner's Motion to Quash*, Case No. 1:14-mc-71, Doc. #22, Aug. 25, 2014 (ordering Lilly to make production by September 17, 2014); and an *Entry on Outstanding Subpoena Requests*, Case No. 1:14-mc-71, Doc. #34, Oct. 2, 2014.  Lilly did not make the requisite production by September 17, 2014, as to Entry, Doc. #22, and has made no production whatsoever as to Entry, Doc. #34, Sept. 22, 2014.

2.  On September 30, 2014, this Court, along with counsel for both the Defendants and the Government, participated in a conference call regarding discovery issues and to set a date certain for the completion of all Rule 16 and Rule 17 discovery.  During that conference, the Court emphasized that the discovery completion date would be enforced with sanctions.  The Court did not at that time set a final discovery completion date, and instead set a follow-up hearing for October 9, 2014 to fix a discovery completion date and to discuss the impending trial date.

3. In anticipation of the October 9 hearing and in an attempt to resolve several outstanding discovery issues, counsel for Defendants sent letters to both the Government and Lilly. Copies of the letters are attached hereto as Exhibits A and B. Other than acknowledge its receipt of the letter, Lilly has made no substantive response to date. The Government responded—as has frequently happened, immediately prior to an appointment with the Court-- by email dated October 9, 2014[1] committing to producing by October 22, 2014 the following:

(a) What is effectively Rule 16(a)(1)(e) discovery

(b) Rule 17 discovery

(c) Items identified in the Defense letters of October 5, 2014 (except for Gorsuch and Titus related material)

(d) Lilly emails for Cao and Li back to 2009

(e) Native files for all the Lilly-email attachments and the downloaded Lilly files referenced in the SSI

(f) Missing passwords for the improperly formatted discovery disks produced by the Government in mid-September, and replacement discovery disks containing properly formatted USA Bates numbered email production pursuant to the protocol agreed upon by the government, Lilly, and defense back in July after the earlier May Order of this Court commanding the production the defendants' Lilly emails dating back to 2009 [passwords have since been provided; what remains to be provided are properly formatted data], and

(g) Lilly privilege logs.

4. On October 9, 2014, this Court, along with counsel for the Defendants, the Government and Lilly, participated in an in-chambers conference regarding the completion of discovery and the potential continuation of the trial date. At stake was the viability of the January 6, 2015 trial date, a date which defendants desperately wanted

---

[1] A copy of the Government's October 9, 2014 email is attached hereto as Exhibit C.

to preserve, and the preservation of which required that the Government and Lilly finally comply with all outstanding Orders of this Court by October 17, 2014.

5.      At the October 9 conference, the Government, on behalf of Lilly, committed to Lilly producing all outstanding Rule 17 material to defense counsel, but it represented that it could only do so by October 22, 2014.  As to its own obligations, the Government echoed the position taken in the October 9 email.  The Government indicated that, among other things, it and Lilly were still working on producing all the archived emails of both Defendants, which this Court ordered to be produced back in May 2014.

6.      The Court, at the conference on October 9, invited a motion from the defendants as to the trial date (with which we complied, *see Joint Motion to Continue Trial,* Doc. #182) and asked the parties to agree on a status conference date with the Court following the defendants' opportunity to review the Government- and Lilly-produced materials to come.

7.      While the defendants believed themselves entirely justified in insisting upon the October 22 delivery date proffered by the Government and Lilly, we understood the prosecutor to desire additional time for at the least the Government production, for personal reasons.  So, in the Joint Motion to Continue Trial we proposed a 10-day extension of the date proffered by the prosecution, to November 3 (*id.*, ¶ 5), believing that we were generously accommodating a personal request.  To go out any further than November 3, we believed, would effectively nullify the various Orders of this Court and acquiesce in the continued violation of their terms by the Government and Lilly.  Significantly, we were led to expect at the October 9 conference that a massive

4

quantity of material would be forthcoming, so we would need the better part of November to review this material in order to apprise the Court at the next status conference of the state of compliance with its various Orders.

8. We were stunned and dismayed in the last twenty-four hours to be met by resistance from the Government to even the extended November 3 date. We cannot understand, and have no experience with, a government representative who so facilely ignores directives of the Court, and who offers excuse after excuse for its non-compliance and that of the third party subpoena respondent. Just last week, in a conference call with the prosecutor, we pointed out that the Government in September had produced several encrypted CDs' worth of material without passwords and without informing defense counsel that passwords were even required. Moreover, the material on the CDs was not properly Bates numbered which effectively eliminates the defendants' ability to conduct a useful review of the material and does not permit the defense to select exhibits for trial given the Government's position that all such exhibits must bear a USA number. We received a commitment to correct the situation; a week later, we received the required passwords but the discovery material is still improperly numbered. To date, no corrective action has been taken on the numbering, and we have received more excuses, but no commitment to when proper discovery of the CDs will be made.

9. There is no reason why this present Motion should have been necessary to file. There is no reason why the Government cannot attend to its obligations in proper fashion and cannot honor its commitments. There is no reason why, more than one year from the date of our clients' arrest and detention, the Government remains

unwilling or unable to acknowledge its responsibilities, and instead seems bent on a course of action the predominant effect, and perhaps intent, of which is to frustrate the defendants, impede their ability to defend themselves, and only grudgingly and slowly respond to the orders of this Court.  This contumacious behavior not only is prejudicial to the defendants and their rights to a fair trial and an effective defense, and not only jeopardizes the Court's expressed desire to hold another status conference relatively soon, but may objectively be seen as a willful disregard of the Court.  We respectfully request that, in addition to ordering compliance by November 3 from both the Government and Lilly, the Court also order the Government to pay the legal fees of counsel incurred in preparing and filing this Motion, as well as in participating in any attendant argument or hearing.

WHEREFORE, Defendants Guoqing Cao and Shuyu Li respectfully request an Order from the Court: (1) compelling that the Government and Eli Lilly and Company to produce all outstanding discovery by November 3; (2) imposing financial sanctions on the Government in connection with this Motion; and (3) for all other just and proper relief.

DATED: October 16, 2014

Respectfully submitted,

    */s/ David J. Hensel*
David J. Hensel, Atty No. 15455-49
PENCE HENSEL LLC
135 N. Pennsylvania Street, Suite 1600
Indianapolis, Indiana 46204-2428
Telephone:  (317) 833-1111
Fax:         (317) 833-1199

Alain Leibman (*pro hac vice*)
Matthew S. Adams (*pro hac vice*)
FOX ROTHSCHILD LLP
Princeton Pike Corporate Center
977 Lenox Drive, building 3
Lawrenceville, NJ  08648-2311
Telephone:  (609) 895-6743
Fax:         (609) 896-1469

*Counsel for Guoqing Cao*

Scott C. Newman, Atty No. 11272-49
Law Offices of Scott C. Newman
7722 Susan Drive South
Indianapolis, Indiana 46250
Telephone:  (317) 772-8047

*Counsel for Shuyu Li*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 16th day of October 2014, I electronically filed the forgoing with the clerk of the court by using the CM/ECF system.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

| | |
|---|---|
| Cynthia A. Ridgeway | Matthew J. Lasher |
| Assistant United States Attorney | Assistant United States Attorney |
| cynthia.ridgeway@usdoj.gov | U.S. Attorney's Office |
| | matthew.lasher@usdoj.gov |

                                                                             _/s/ David J. Hensel_