UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.:   1:13-cr-00150-WTL-TAB |
| | ) | |
| GUOQING CAO, | ) | -01 |
| SHUYU LI, | ) | -02 |
| | ) | |
| Defendants. | ) | |

GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION TO COMPEL AND TO IMPOSE SANCTIONS

The United States of America ("the government"), through undersigned counsel, respectfully responds in opposition to the Defendants' Motion to Compel and To Impose Sanctions, dkt. 184.   In support thereof, the government states as follows:

1.   On October 16, 2014, the government responded to the defendants' Joint Motion to Continue the Trial, dkt. 183.   For purposes of continuity, the government's moves to incorporate its October 16, 2014 filing here.

2.   Following the October 9, 2014 Status Conference where the Court advised the trial date would be reset to May 4, 2015 upon formal request by the defendants, the parties communicated regarding the status of the discovery production.   During these communications, the government advised that it remained optimistic that the discussed discovery items would be tendered *before* the end of the month, but that counsel for the government would communicate a date certain upon receipt

1

of that date from the government's Litigation Technology Support Center ("LTSC").[1] The defendants agreed that production by the end of the month or into early November would be reasonable assuming the government would not object to a three-week window of time for the defendants to process and review the material before the next Status Conference.   To this, the parties agreed.

3.   Near the same time, the government communicated with another counsel for defendant Cao about a request to receive certain material previously discovered in a format more aligned with the document review platform being utilized by the defense, among other technical concerns (missing passwords or blank CDs).[2]   The government revised its request for processing with the LTSC to include reproduction of this material.

4.   Since those communications, the government has fielded an onslaught of vitriolic demands from defendant Cao to include, among other things, character attacks and the continued threat of sanctions.[3]   All of which was precipitated by the government's continued advisory that it predicted discovery to be tendered before the end of the month, but that it was unable to provide a

---

[1] The production of discovery in this case was processed in-house at the United States Attorney's Office ("USAO") until mid-September 2014.   This processing required several steps:   (1) intake of material in various formats, electronic and otherwise; (2) categorizing as Restricted Use or Sensitive Material per the Interim Protective Order; (3) processing to produce PDFs with search-term capability per the Interim Protective Order; (4) inventorying; and (6) discovery production.   In mid-September 2014, the USAO began the process of "outsourcing" the discovery based on reduced staff.   To align with a new document review platform, the material previously processed had to be reprocessed.   Simultaneous to this, the government received several waves of production totaling approximately 13 encrypted CDs of new material to be "outsourced" for discovery production, among other things.   Of particular note, the vast majority of the new material is archived lilly.com e-mail, material the government conceded to giving at the defendants request in an effort to meet their desires notwithstanding no showing that the material contained exculpatory information and despite none of it being in the government's possession.   Simultaneous to this, the government made attempts to remedy expressed concerns with previously discovered material, despite finding no technical malfunctions with copies of what was provided.
[2] The password issue has since been remedied; the remaining material awaits reproduction via the LTSC.
[3] The attachments to the defendants' Motion to Compel and To Impose Sanctions are provided out of context without the benefit of change of circumstance brought about by the October 9, 2014 Status Conference or communications had between the parties thereafter during which communications, the parties amicably agreed to divert slightly from the October 22, 2014 date for discovery production.   The government also encouraged the defendants to file an addendum to their Motion To Compel and To Impose Sanctions reconciling the record, to which defendant Cao denied.   The government will provide a copy of these communications if the defendants contest this fact or upon order of the Court.

date certain because no date certain had been provided by the LTSC despite numerous attempts and conversations.

5. On October 16, 2014 and in effort to appease defendant Cao and his continued ultimatums between giving a date certain and moving for sanctions, the government suggested providing access to the material now, in advance of formal production, with the single stipulation that material not bates stamped with a USAO-bates stamp number not be used as an exhibit at trial. The government's offer was met with no response.

6. Now, the government responds to the defendants' premature and unwarranted Motion to Compel and To Impose Sanctions. In it the defendants: (a) mischaracterize production to-date, ¶ 1; (b) provide partial communications that occurred prior to the October 9, 2014 Status Conference without fully disclosing in context the parties' subsequent and reasonable agreements given the four-month continuance of the trial, ¶¶ 3, 5; (c) misstate communications had between the parties, ¶ 7; (d) misstate the government's position, ¶¶ 8, 9; (e) attack the character of counsel for the government, ¶ 9, and (e) request sanctions for the same.

7. Nothing has changed from the October 10, 2014 conversation between the parties regarding a slight diversion from the October 22, 2014 date and the government's assurance that a date certain would be provided upon receipt. In fact, as the undersigned previously represented to the defendants, the urgency of the request to produce discovery was unscored by direct calls to the LTSC from USAO management to include the Systems Manager and the First Assistant United States Attorney.

8. As set forth above, material to be produced is available to the defendants now at the

Office of the United States Attorney in advance of formal production. The government anticipates formal production of the material discussed to occur before end of the month and will provide a date certain as soon as possible upon receipt.

9. The government, therefore, respectfully requests the defendants' Motion to Compel and Motion for Sanctions be denied, and for any and all other just relief.

WHEREFORE, the government respectfully requests the defendants' Motion to Compel and Motion for Sanctions be denied, and requests any and all just and proper relief.

Respectfully submitted,

JOSH J. MINKLER
Acting United States Attorney

By: /s/ *Cynthia J. Ridgeway*
Cynthia J. Ridgeway
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
E-mail: Cynthia.ridgeway@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served on the defendants on the date of filing, by and through operation of the Court's e-filing system.   The parties may access the filing by operation of the Court's electronic filing system.

                                              */s/ Cynthia J. Ridgeway*
                                              Cynthia J. Ridgeway
                                              Assistant United States Attorney

Office of the United States Attorney
Ten West Market Street, Suite 2100
Indianapolis, IN 46204
(317) 226-6333
cynthia.ridgeway@usdoj.gov